IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Benson,<br><br>    Petitioner,<br><br>vs.<br><br>D.W. Haynes, et al.,<br><br>    Respondents. | No. CV 04-1339-PCT-EHC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is Petitioner James Benson's *pro se* Petition for Writ of Habeas Corpus (Doc. #4) pursuant to 28 U.S.C. § 2254. According to the petition, on December 2, 1998 in the Yavapai County Superior Court, Petitioner was convicted of five felony counts. Doc. #4 at 1. Petitioner states that he pled guilty to the five counts, which included fraudulent schemes, theft and forgery. Id. It appears that Petitioner received a total sentence of 10 years. Id. at Attach. A. Petitioner states that he filed a petition for post-conviction relief in the state court on February 9, 1999, and that it was dismissed on May 23, 2000. Id. at 2. Petitioner filed the instant federal petition on August 3, 2004. Respondents

filed a Response (Doc. #8) on November 8, 2004. Petitioner then filed a Reply (Doc. #9) on December 15, 2004.

## DISCUSSION

Petitioner alleges in his petition that the Governor of Arizona failed to act within the required time limit on a recommendation for a sentence commutation submitted by the Arizona Board of Executive Clemency ("Board"). Petitioner contends that the Governor's subsequent untimely denial of the application for clemency violates the Due Process Clause. Petitioner relies on an Arizona statute that states a unanimous recommendation for commutation by the Board automatically becomes effective if it is not acted on by the Governor within ninety days after the Board submits it. A.R.S. § 31-402(D).

In responding to the merits, Respondents argue that date of the Board's recommendation letter is not the date the recommendation was submitted to the Governor. They assert that the recommendation was not submitted until nearly a month later when it was hand-delivered to the Governor's office, and therefore the Governor's subsequent denial of the clemency application was timely. After responding to the merits, Respondents argue alternatively that Petitioner failed to exhaust his state court remedies before filing a federal habeas petition. As a result, they contend that the petition must be dismissed.

**A.     Exhaustion of State Court Remedies**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). The statute provides in part:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, **by any available procedure**, the question presented.

28 U.S.C. § 2254(c) (emphasis added). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

1 petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To properly exhaust state
2 remedies, a petitioner must fairly present his claims to the state's highest court in a
3 procedurally appropriate manner. Id. at 848. In Arizona, other than capital and life-sentence
4 cases, state prisoners' claims "are exhausted for purposes of federal habeas once the Arizona
5 Court of Appeals has ruled on them." Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir.
6 1999). A claim has been fairly presented if the petitioner has described both the operative
7 facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of
8 Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v.
9 Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895,
10 898-99 (9th Cir. 2001).

11 If a petition contains claims that were never fairly presented in state court, the federal
12 court must determine whether state remedies remain available to the petitioner. See Rose v.
13 Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989)
14 (O'Connor, J., concurring). If remedies are still available in state court, the federal court may
15 dismiss the petition without prejudice pending the exhaustion of state remedies. Id.
16 However, if the court finds that the petitioner would have no state remedy were he to return
17 to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489
18 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a
19 defendant's claim is procedurally defaulted when it is clear that the state court would hold
20 the claim procedurally barred).

21 Here, Plaintiff concedes that he did not present his federal habeas claim to the state
22 courts. Doc. #4 at 5. He claims that there are no available state remedies for challenging
23 clemency decisions. Id. Petitioner, however, could have filed a "special action" under
24 Arizona law. See Arizona Rules of Procedure for Special Actions. Arizona courts have
25 determined that special action jurisdiction is appropriate in similar cases. See, e.g.,
26 Schwichtenberg v. State of Arizona, 190 Ariz. 574, 951 P.2d 449 (1997) (prisoner who was
27 mistakenly released before serving his full sentence filed a special action challenging the
28 clemency board's decision finding him ineligible for commutation); State ex rel. Gonzalez

1  v. Superior Court, 184 Ariz. 103, 907 P.2d 72 (App.1995) (prisoner challenged the
2  constitutionality of a state statute altering the number of parole board panel members and the
3  number of affirmative votes to grant parole; although originally filed as a state habeas
4  petition, the court treated it as a special action and accepted jurisdiction).  Additionally,
5  Arizona courts have accepted challenges to clemency board actions in the form of state
6  habeas corpus petitions.  See McDonald v. Thomas, 202 Ariz. 35, 40 P.3d 819 (2002)
7  (prisoner's state habeas petition seeking release granted because the governor's rejection of
8  the clemency board's unanimous recommendation for a sentence commutation was not
9  properly signed and attested and the time for doing so passed).

10         As the above cases establish, Petitioner has remedies available to him in the state
11 court.  This court is aware of no time constraints that would prevent Petitioner from pursuing
12 these state court remedies.  Thus, Petitioner's claim does not appear to be procedurally
13 defaulted.  Because Petitioner must exhaust his available state court remedies before this
14 court can consider his federal habeas petition, the court will recommend that this matter be
15 dismissed without prejudice.

16 **IT IS THEREFORE RECOMMENDED:**

17         That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #4)
18 be **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

19         This recommendation is not an order that is immediately appealable to the Ninth
20 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
21 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
22 parties shall have ten days from the date of service of a copy of this recommendation within
23 which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
24 Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
25 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
26 and Recommendation may result in the acceptance of the Report and Recommendation by
27 the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
28 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

1  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
2  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
3  recommendation.  <u>See</u> Fed. R. Civ. P. 72.
4      DATED this 13th day of October, 2005.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge